RIMES v. CARPENTER et al.

(Supreme Court, Appellate Term. June 6, 1908.)

EVIDENCE—ADMISSIBILITY—REASONS FOR PARTY'S ACT.

In an action to recover money deposited as margins for the purchase of cotton, which sale plaintiff claimed to have repudiated, it was error to admit testimony as to his reasons for refusing to accept the purchase, which was at .1171, when he had, at the time he ordered that purchase, contracted to buy additional cotton at .1180.

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Troy T. Rimes against M. L. Carpenter and others. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Miller & Hartcorn, for appellants.

S. A. Crummy, for respondent.

GERARD, J. This is an appeal by defendants from a judgment entered for $536.50 damages and costs in plaintiff's favor. The action was brought by plaintiff to recover the sum of $500 deposited with the defendants as margins for the purchase of cotton. The defendants are cotton commission brokers, and the plaintiff was one of their customers. The defendants purchased 100 bales of May cotton at .1171, and notified the plaintiff of this purchase. Plaintiff did not repudiate this sale until the next day, and it was claimed by defendants that he had had a reasonable time to ratify or repudiate, and had by his acquiescence ratified. It was in evidence that on the same day on which the defendants made the purchase claimed to be for plaintiff's account the plaintiff himself ordered the purchase of 100 bales of May at .1180. On his direct examination the plaintiff was asked by his counsel the following question:

"Q. Explain to the jury why, on Monday, the 20th, you ordered 100 bales of May to be bought at .1180, and yet refused to accept the purchase bought at .1171."

To this question defendants' counsel objected as immaterial, irrelevant, and as calling for a conclusion. The plaintiff answered:

"A. Because he had told my wife that the market would sell through 12 cents that day sure; that he knew what the large operators were doing, and to tell me to buy 200 bales right away. She came back, and I then gave the order to buy at .1180 if the market sold above .1180, and my idea for that was that if the market was strong enough, and if there was enough buying to put the market above .1180, that it would probably go through 12 cents, and I wanted 100 bales bought above .1180, and, for another reason, the higher the market went the more I would have to my credit as profits on the 200 bales that I held."

We think that the admission of this testimony was error. In his direct examination a party called as a witness cannot testify to the operations of his mind which might have rendered more probable the doing of the acts which he testified were done by him. This case was tried before a jury, and testimony of this character cannot but have affected the minds of the jury. For this reason the judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

GILDERSLEEVE, P. J., concurs.

DAYTON, J. (dissenting). Plaintiff contends that defendants' employé, Tobin, who purchased certain cotton for his account, was given positive instructions both by himself and his wife to put in a stop-loss order, which, if executed, would have insured the sale of the cotton at a price which would have given plaintiff a small profit, and that, because of the failure to place and execute this stop-loss order, plaintiff was sold out at a loss. This was denied by defendants' agent, Tobin, and the issues between the parties resolved themselves into a simple question of fact on this head. This question was properly submitted to the jury, who believed the story of the plaintiff, in which his wife essentially corroborated him.

The appellants contend that the trial court erred in both excluding testimony and admitting certain evidence over their objection and exception. To warrant the reversal of a judgment entered upon the verdict of a jury, it must be reasonably clear that the errors claimed must have prejudiced the appellants' case in the eyes of the jury, so that in effect he did not have a fair trial. The errors alleged in this case are not such, inasmuch as the record contains abundant evidence to sustain the verdict, aside from the testimony claimed to have been improperly admitted.

The judgment must be affirmed, with costs.